# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-810
Lower Tribunal No. 20-CA-005534

_____

MARLIN CONSTRUCTION GROUP, LLC,

Appellant,

v.

KRIS BOLLINGER,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
James Shenko, Judge.

April 3, 2024

WOZNIAK, J.

Appellant Marlin Construction Group, LLC appeals a final judgment entered in favor of Appellee Kris Bollinger pursuant to a jury verdict on Bollinger's breach of contract claim for unpaid sales commissions.[1] Marlin argues that any contract it

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

entered into with Bollinger is unenforceable because Bollinger is not a licensed contractor. We disagree and affirm.[2]

Relevant Statutes

This appeal involves several related licensure statutes. In Florida, certain contractors, such as roofing contractors, are required to obtain state certification and licensure. § 489.105(3), Fla. Stat. (2020). The failure to obtain a license may have adverse consequences for the contractor performing the work, including criminal penalties. § 489.127(2)(a), Fla. Stat. (2020). Additionally, under section 489.128(1)(a), Florida Statutes (2020), the centerpiece of this appeal, contracts entered into by unlicensed contractors are unenforceable:

> (1) As a matter of public policy, contracts entered into . . .
> by an unlicensed contractor shall be unenforceable in law
> or in equity by the unlicensed contractor.
>
> (a) For purposes of this section, an individual is unlicensed
> if the individual does not have a license required by this
> part concerning the scope of work to be performed under
> the contract. . . . [I]f a state license is not required for the
> scope of work to be performed under the contract, the
> individual performing that work is not considered
> unlicensed.

Turning to the definition of "contractor," section 489.105(3) provides:

> "Contractor" means the person who is qualified for, and is
> only responsible for, the project contracted for and means,

---

[2] We affirm the judgment without further comment as to Marlin's other arguments on appeal.

2

except as exempted in this part, the person who, for compensation, undertakes to, submits a bid to, or does himself or herself or by others construct, repair, alter, remodel, add to, demolish, subtract from, or improve any building or structure, including related improvements to real estate, for others or for resale to others; and whose job scope is substantially similar to the job scope described in one of the paragraphs of this subsection.

The semicolon in the above definition separates the two prongs that must be analyzed to determine if one meets the definition of "contractor":

**First,** the individual must 'construct, repair, alter, remodel, add to, demolish, subtract from or improve' a structure . . . ." [*Full Circle Dairy, LLC v. McKinney*, 467 F. Supp. 2d 1343, 1346 (M.D. Fla. 2006)]. **Second,** "the individual who engages in such an undertaking must have a job scope that is 'substantially similar' to a job scope described in subsections (a) through (q) of § 489.105(3), which includes . . . 'roofing contractor' . . . ." *Id.*

*SG 2901, LLC v. Complimenti, Inc.*, 323 So. 3d 804, 806 (Fla. 3d DCA 2021) (emphasis added). As to the second prong, the definition relevant to this appeal is "roofing contractor," which subsection (3)(e) defines as

a contractor whose services are unlimited in the roofing trade and who has the experience, knowledge, and skill to install, maintain, repair, alter, extend, or design, if not prohibited by law, and use materials and items used in the installation, maintenance, extension, and alteration of all kinds of roofing, waterproofing, and coating, except when coating is not represented to protect, repair, waterproof, stop leaks, or extend the life of the roof. The scope of work of a roofing contractor also includes skylights and any related work, required roof-deck attachments, and any repair or replacement of wood roof sheathing or fascia as

3

needed during roof repair or replacement and any related work.

§ 489.105(3)(e), Fla. Stat. 2020). (Also relevant to this appeal is the term "contracting," which includes in its definition the term "contractor" but is defined separately under section 489.105(6), Florida Statutes (2020):

> "Contracting" means, except as exempted in this part, **engaging in business as a contractor** and includes, but is not limited to, performance of any of the acts as set forth in subsection (3) which define types of contractors. The attempted sale of contracting services and the negotiation or bid for a contract on these services also constitutes contracting. If the services offered require licensure or agent qualification, the offering, negotiation for a bid, or attempted sale of these services requires the corresponding licensure.

(Emphasis added.)

Background

Marlin is a licensed roofing contractor in the business of repairing and replacing roofs. Bollinger, while a member of Marlin's sales team,[3] sold Marlin's roofing services between September 2018 and May 2020. Pursuant to a contract between Marlin and Bollinger, Marlin agreed to pay Bollinger a commission for each of his sales, which it did while Bollinger remained employed by Marlin. After

---

[3] Although Marlin classified Bollinger as a "1099 worker" (a reference to IRS Form 1099), which is a status normally afforded independent contractors, the jury determined that Bollinger was Marlin's employee rather than an independent contractor.

4

Bollinger left Marlin's employ, however, Marlin refused to pay Bollinger any of his remaining commissions he earned during his employment with Marlin. Marlin took the position that Bollinger was required to have a contractor's license to sell Marlin's roofing services, and because Bollinger was unlicensed, any agreement between the two was unenforceable by Bollinger. Thereafter, Bollinger filed suit.

Marlin and Bollinger filed cross motions for summary judgment on the issue of the contract's enforceability under section 489.128. Marlin relied on the definition of "contracting" contained in section 489.105(6), arguing that because Bollinger was selling roof repair and replacement services without a license, he was engaged in unlicensed contracting, and any underlying agreement between Bollinger and Marlin for a commission as a result of those sales was unenforceable by Bollinger under section 489.128.

Bollinger, in turn, argued in his motion that he was not a "contractor," a "roofing contractor," or "contracting" as defined by sections 489.105(3), (3)(e), or (6), but rather was a salesman selling roofing services on behalf of Marlin (itself a licensed contractor). Thus, he could not be an "unlicensed contractor" such that his agreement with Marlin would be unenforceable under section 489.128(1). In support, Bollinger noted that Marlin's corporate representative, David Aaron, testified during his deposition that none of Marlin's salespeople had their own roofing contractor's license and, until recently, he was under the impression

5

salespeople did not need such a license. Further, Aaron understood that the contracts Marlin's salespeople would present to potential customers had Marlin's name, license number, and logo on them. Aaron also testified that the customers understood they were contracting with Marlin, not Bollinger, when they signed the contracts.

The trial court determined that as a salesperson, Bollinger was not a "roofing contractor" under section 489.105(3)(e), and therefore not a "contractor" as defined in section 489.105(3), because he did not perform the "installing, maintaining, repair[ing], alter[ing], extend[ing] or design[ing of] any type of roofing." It also determined that Bollinger was not engaged in "contracting" as defined by section 489.105(6) because that definition "require[d], in the first instance, that the person doing the 'contracting' be a 'contractor.'" Accordingly, the trial court found that section 489.128, making contracts entered into by unlicensed contractors unenforceable, was not applicable to Bollinger. It denied Marlin's motion for summary judgment and granted Bollinger's motion.

The case proceeded to trial on the remaining issues. The jury found that Marlin had breached its contract with Bollinger and awarded Bollinger $121,723.85 in damages. Final judgment was entered thereon. On appeal, Marlin argues that the trial court erred in not granting its motion for summary judgment because its contract with Bollinger is unenforceable.

6

We review both an order on a motion for summary judgment and a trial court's interpretation of a statute de novo. *See Orosco v. Rodriguez*, 376 So. 3d 92, 94 (Fla. 6th DCA 2023) (interpretation of a statute); *Pickell v. Lennar Homes*, LLC, 372 So. 3d 1279, 1281 (Fla. 6th DCA 2023) (summary judgment). In matters involving statutory interpretation, "courts must first look to the actual language of the statute and 'examine the statute's plain meaning.'" *Bank of N.Y. Mellon v. Glenville*, 252 So. 3d 1120, 1127 (Fla. 2018) (internal quotations omitted).

We first address whether Bollinger was a "contractor" under the statutory framework. The extent of Bollinger's work was to sell Marlin's roofing services. He did not, as the trial court correctly found, do the "installing, maintaining, repair[ing], alter[ing], extend[ing] or design[ing of] any type of roofing." Focusing, then, on the second prong of the test observed in *Complimenti*,[4] none of his duties fit within the scope of a roofing contractor so his job was not "substantially similar" to that described in section 489.105(3)(e), "roofing contractor." Accordingly, because Bollinger does not meet the second prong under section 489.105(3), Bollinger was not a "contractor."

---

[4] Both parties suggest that Bollinger fits within the first prong of the definition because Bollinger submits construction service bids to customers, even though the bids he submitted were on behalf of Marlin. We confine our discussion to the second prong of the analysis as that is the argument raised and, in any event, is dispositive here.

7

Notwithstanding Bollinger not meeting the definition of "contractor" in section 489.105(3), Marlin contends that Bollinger's selling of Marlin's roofing services brought him within the ambit of the definition of "contracting" as used in section 489.105(6). *See* § 489.105(6) ("The attempted sale of contracting services and the negotiation or bid for a contract on these services also constitutes contracting.").

Marlin misunderstands section 489.105(6). An "attempted sale" under that section requires the offering of "contracting services." The only entity offering "contracting services" was Marlin; Bollinger was merely the conduit through which Marlin offered those services. The contracts Bollinger used had Marlin's name, license number, and logo on them, and as Marlin's corporate representative testified, Marlin's customers understood that when they signed the contracts, they were contracting with Marlin, not Bollinger. Finally, Bollinger performed none of the work on the roof and was paid only after Marlin received money from the customer. Accordingly, it was Marlin who was the seller in the "attempted sale"; Bollinger was simply Marlin's agent.[5] *See Agent*, Black's Law Dictionary (11th ed. 2019)

---

[5] Bollinger's job is more aptly described as solicitation. After the events underlying this lawsuit, the Legislature enacted section 489.147, Florida Statutes (eff. July 1, 2021), which, although titled "Prohibited property insurance practices," appears in the "Construction Contracting" chapter. It addresses door-to-door solicitation of customers for contracting services. Ch. 2021-77, § 1, Laws of Fla. Section 489.147(4) states that, "[f]or purposes of this section . . . [t]he acts of any person on behalf of a contractor . . . shall be considered the actions of the contractor."

("Someone who is authorized to act for or in place of another; a representative . . . .").

To the extent that Marlin suggests Bollinger's duties in furtherance of obtaining a sale constituted "contracting," we reject Marlin's position because Bollinger was not a contractor. While Bollinger made determinations concerning wind damage, the existence of an off-ridge vent, the type of underlayment required, measurements, and whether a roof needed to be repaired or replaced, this type of work is not covered in the definition of "roofing contractor." *See* § 489.105(3)(e) (noting that to be a "roofing contractor" a person must "use materials and items used in the installation, maintenance, extension, and alteration of all kinds of roofing, waterproofing, and coating"). Accordingly, none of these duties places Bollinger within the definition of "contractor" or "contracting." *See* § 489.105(3), Fla. Stat. (defining "contractor," in part, as a person whose job scope fits within the definition of "roofing contractor"); § 489.105(6), Fla. Stat. (noting that "contracting" is "performance of any of the acts as set forth in subsection (3) which define types of contractors," including "roofing contractor").

Nothing in the definitions of "contractor," "roofing contractor," or "contracting" leads us to the conclusion that the Legislature intended to regulate agents who sell roofing services on behalf of a licensed contractor. As such, we are likewise unpersuaded by Marlin's suggestion that its salesperson engaged in criminal

9

activity under section 489.127 by selling its roofing services. *See e.g., Dep't of Bus. & Pro. Regul. v. Deforest Simmons d/b/a Expeditor's Home Improvement Agency*, No. 05-4701 (Fla. DOAH May 3, 2006) (Recommended Order) (recommending dismissal of administrative complaint; finding that salesperson who conducted business in manner similar to Bollinger did not engage in business or act in the capacity of a contractor without being duly registered or certified).

Because Bollinger was neither a "contractor" nor engaged in "contracting," the trial court correctly granted summary judgment in Bollinger's favor. Accordingly, we affirm the judgment in all respects.

AFFIRMED.

STARGEL and GANNAM, JJ., concur.


Scott J. Hertz and Jack C. Morgan III, of Aloia Roland Lubell & Morgan, PLLC, Fort Myers, for Appellant.

Celene H. Humphries, of Celene Humphries, PLLC, Spring City, Tennessee, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED